# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TENNESSEE
# AT GREENEVILLE

| CHARLES MONTAGUE, | ) | |
|---|---|---|
| Petitioner, | ) | |
| v. | ) | No. 2:03-CV-113-JRG-MCLC |
| RANDY LEE, Warden,[1] | ) | |
| Respondent. | ) | |

## MEMORANDUM AND ORDER

Charles Montague ("Petitioner") filed a motion pursuant to 28 U.S.C. § 2254 seeking to vacate, set aside, or correct the sentence entered in his criminal case [Doc. 3], which the Court dismissed on February 12, 2008 [Doc. 58]. Presently before the Court is Petitioner's second motion under Federal Rule of Civil Procedure 60(b) requesting relief from judgment [Doc. 79]. For the reasons explained below, Petitioner's motion [Doc. 79] will be **DENIED**.

## I.  PROCEDURAL HISTORY[2]

This Court previously summarized the procedural history of Petitioner's conviction and state appeal and post-conviction proceedings, stating:

> In 1993, [P]etitioner was convicted of first-degree murder by a jury in the Criminal Court for Washington County, Tennessee and sentenced to a life-term in prison. Petitioner was unsuccessful on direct appeal, *State v. Montague*, No. 03C01- 9306-CR-00192, 1994 WL 652186 (Tenn. Crim. App. Nov. 21, 1994), *perm. app. denied* (Tenn. 1995); in petitioning for post-conviction relief, *State v. Montague*, No.

---

[1] Warden Randy Lee replaced Howard Carlton as Warden of Northeast Correctional Complex. Accordingly, the Clerk is **DIRECTED** to change the name of the Respondent to Randy Lee on the Court's CM/ECF docket sheet.

[2] The Court assumes familiarity with Petitioner's case and only discusses the procedural and factual background as it is relevant to the motion currently before the Court.

E2000-00083-CCA-R3-PC, 2000 WL 949233 (Tenn. Crim. App. July 11, 2000), *perm. app. denied* (Tenn. Dec. 27, 2000); and in obtaining state habeas corpus relief. [Addendum No. 17, *Montague v. State*, E2002-0868-CCA-R3-PC (Tenn. Crim. App. Nov. 15, 2002 (unpublished order)].

[Doc. 57 at 2–3].

Petitioner filed a habeas corpus petition pursuant to 28 U.S.C. § 2254 on March 31, 2003 [Doc. 3]. This Court dismissed the amended § 2254 petition on February 12, 2008, holding that several of Petitioner's claims were procedurally defaulted, and the remaining claims should be dismissed on the merits [Docs. 57; 58]. The Court then found that "reasonable jurists could not disagree with the resolution of these claims," and denied a Certificate of Appealability ("COA") [Doc. 57 p. 43].

Petitioner filed a motion for relief from judgment [Doc. 68] on February 7, 2014, which this Court denied on May 1, 2014 [Doc. 71]. After Petitioner filed a notice of appeal [Doc. 72], the Court denied Petitioner a COA on May 15, 2014 [Doc. 75]. The Sixth Circuit then denied Petitioner's COA application, along with his § 2244(b) application and all other pending motions, as moot on January 15, 2015 [Doc. 76]. Petitioner filed the present "Motion to Reopen Judgment" [Doc. 79] on August 10, 2017, as well as a memorandum in support of his motion [Doc. 81]. Respondent then filed a response in opposition to Petitioner's Rule 60 motion [Doc. 83].

## II.    Federal Rule of Civil Procedure 60(b)

On August 10, 2017, Petitioner filed a motion requesting relief from judgment pursuant to Rule 60(b) of the Federal Rules of Civil Procedure [Doc. 79]. Rule 60(b) allows a party to seek relief from a final judgment and request reopening of his case under limited circumstances, including fraud, mistake, and newly discovered evidence. Petitioner is proceeding under Rule 60(b)(6), which provides for relief for "any other reason that justifies relief." Fed. R. Civ. P.

60(b)(6). However, relief under Rule 60(b)(6) "applies only in exceptional and extraordinary circumstances." *Jinks v. AlliedSignal, Inc.*, 250 F.3d 381, 387 (6th Cir. 2001).

In his motion, Petitioner seeks relief from the Court's order [Doc. 58] dismissing his § 2254 petition. Petitioner claims that the Court applied an incorrect standard in denying the issuance of a COA of its order dismissing his habeas petition [Doc. 79 p. 4]. Additionally, Petitioner argues that he is entitled to relief due to the change in decisional law set forth in *Trevino v. Thaler*, 133 S. Ct. 1911 (2013); *Martinez v. Ryan*, 556 U.S. 1 (2012); and *Sutton v. Carpenter*, 745 F.3d 787 (6th Cir. 2014) [Doc. 81 at 6–7]. Lastly, Petitioner states that the Court failed to rule on several issues set forth in his habeas petition [*Id.* at 5].

### A.   Proper Standard for Denying COA

Petitioner argues that he is entitled to relief from judgment, as the Court applied an incorrect standard in denying the issuance of a COA of the dismissal of his habeas petition [Doc. 79 p. 4]. Petitioner claims that under *Buck v. Davis*, 137 S. Ct. 759 (2017), the "district court abused it's [sic] discretion and used an incorrect legal standard" in denying him a COA [*Id.*]. Therefore, Petitioner alleges that this abuse constitutes an extraordinary circumstance under Rule 60(b)(6) [*Id.* at 1]. Federal Rule of Civil Procedure 60(c) requires a motion filed pursuant to Rule 60(b)(6) to be filed within a reasonable time after the entry of the judgment or order. Petitioner claims that his Rule 60(b) motion is timely, as it was filed within a year of the Supreme Court's decision in *Buck v. Davis*, 137 S. Ct. 759 (2017). [*Id.*].

Rule 60(b)(6) relief is available only in "exceptional or extraordinary circumstances." *Stokes v. Williams,* 475 F.3d 732, 735 (6th Cir. 2007). "Such circumstances will rarely occur in the habeas context," *Gonzalez v. Crosby*, 545 U.S. 524, 535 (2005), and do not usually include a change in decisional law, in and of itself. *Agostini v. Felton*, 521 U.S. 203, 239

(1997); *Blue Diamond Coal Co. v. Trustees of the UMWA Combined Benefit Fund*, 249 F.3d 519, 524 (6th Cir. 2001). Instead, a change in decisional law must generally be "coupled with some other special circumstance" before relief under Rule 60(b)(6) will be granted. *Blue Diamond Coal Co.*, 249 F.3d at 524.

Petitioner has not demonstrated that such "exceptional or extraordinary circumstances" are present here. *Stokes*, 475 F.3d at 735. Petitioner claims that the Court applied the incorrect standard in denying a COA after dismissing his § 2254 petition, "by first deciding the merits of an appeal and then justifying its denial of a COA based on it's [sic] adjudication of the actual merits, it is in essence deciding an appeal without jurisdiction" [Doc. 81 at 6]. Petitioner claims that the Supreme Court's recent decision in *Buck v. Davis*, 137 S.Ct. 759 (2017) holds that "[a]t the [COA] stage the only question is whether the applicant has shown that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further" [Doc. 81 at 5]. Further, Petitioner asserts that "[t]his threshold question should be decided without full consideration of the factual or legal bases adduced in support of the claims" [*Id.* at 5–6]. As noted above, this Court dismissed Petitioner's § 2254 petition on February 12, 2008, and denied a COA, finding that its conclusions could not be disagreed with by reasonable jurists. [Doc. 58]; [Doc. 57 p. 43].

Importantly, in *Buck v. Davis*, the Supreme Court addressed the standard that a circuit court of appeals must apply in determining whether to grant a COA request, rather than the proper standard for a district court, holding that the "Fifth Circuit exceeding the limited scope of the COA analysis." *See Buck*, 137 S. Ct. at 765, 773 (stating "the question for the Fifth Circuit was not whether Buck had 'shown extraordinary circumstances' or 'shown why [Texas's broken promise]

4

would justify relief from judgment[,]'" but rather if "jurists of reason could conclude that the issues presented are adequate to deserve encouragement to proceed further") (internal citations omitted). The *Buck* Court based its decision on the fact that appellate jurisdiction is established upon a certificate of appealability, finding that a circuit court "deciding the merits of an appeal, and then justifying its denial of a COA based on its adjudication of the actual merits . . . is in essence deciding an appeal without jurisdiction." *Id.* at 773 (citing *Miller–El v. Cockrell*, 537 U.S. 322, 336–37 (2003)).

In the present case, Petitioner alleges that under *Buck v. Davis*, this Court misapplied the standard for granting or denying a COA [Doc. 79 at 4]. However, Petitioner's "reliance on *Buck* is misplaced," as a district court has original jurisdiction over a habeas petition. *See Dilingham v. Warden, Chillicothe Corr. Inst.*, No. 1:13-cv-468, 2017 WL 2569754, at *2 (S.D. Ohio June 14, 2017) (addressing a similar argument and holding "[i]t was therefore not error for this Court to decide the merits of [Petitioner's] § 2254 petition before it denied him a certificate of appealability").

The requirement of a certificate of appealability for appellate review was imposed by Antiterrorism and Effective Death Penalty Act of 1996 (Pub. L. No 104-132) (the "AEDPA"). Although the statute on its face imposes the certificate of appealability determination on the courts of appeals, the Sixth Circuit has held that district courts have authority to issue a certificate of appealability under AEDPA. *See Lyons v. Ohio Adult Parole Auth.*, 105 F.3d 1063, 1073 (6th Cir. 1997), *overruling recognized on other grounds by Brown v. McKee*, 460 F. App'x 567, 574 (6th Cir. 2012); *Hunter v. United States*, 101 F.3d 1565 (11th Cir. 1996) (en banc). Rule 11(a) of the Rules Governing § 2254 Cases holds that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." If the district court denies a

petitioner a COA, the circuit court then considers that question *de novo*. *See Dilingham*, 2017 WL 2569754, at *2 (holding "[i]t is only at that stage that the appealability question comes first as held in *Buck v. Davis*").

Ultimately, this Court applied the proper standard when it decided the merits of Petitioner's habeas petition before denying him a COA. It is proper, and necessary, for the district court to decide the merits of a § 2254 petition before it can decide whether its conclusions are debatable among reasonable jurists. *See United States v. Alford*, No. 3:00-cr-065, 2017 WL 1734225, at *2 (S.D. Ohio May 4, 2017). Therefore, Petitioner has failed to demonstrate that the Court applied an incorrect standard in denying him a COA, or that the Supreme Court's decision in *Buck v. Davis* constitutes "extraordinary circumstances" which entitle him to relief under Federal Rule of Civil Procedure 60(b)(6). *See Stokes v. Williams,* 475 F.3d 732, 735 (6th Cir. 2007); *see also Melter v. United States*, Nos. 15-243, 13-12, 2017 WL 3868808, at *3 (W.D. Pa. Sept. 5, 2017) (holding "the Supreme Court's holding in *Buck v. Davis* . . . is not applicable to a district court's analysis of whether or not to issue a certificate of appealability"); *Dilingham*, 2017 WL 2569754, at *2.

**B.     Applicability of *Trevino*, *Martinez*, and *Sutton***

Petitioner also claims that he is entitled to relief under *Trevino v. Thaler*, 133 S. Ct. 1911 (2013); *Martinez v. Ryan*, 556 U.S. 1 (2012); and *Sutton v. Carpenter*, 745 F.3d 787 (6th Cir. 2014) [Doc. 81 at 6–7]. He claims that these cases "had changed the law in a way that provided an excuse for his procedural default of the ineffective assistance of counsel claims, permitting him to litigate his claims on the merits" [*Id.* at 7].

*Martinez* effected a change in decisional law in that it created a "narrow exception" to the general rule of *Coleman v. Thompson*, 501 U.S. 722 (1991). The general rule from *Coleman* states that a habeas petitioner cannot use ineffective assistance of collateral review counsel as cause to

excuse a procedural default. *Id.* at 756–57. The *Martinez* exception, however, provides that where a state's procedural law requires claims of ineffective assistance of counsel to be raised in an initial-review collateral proceeding, a procedural default will not bar a habeas court from hearing a substantial claim of ineffective assistance of counsel, if in the initial-review collateral proceeding, there was no counsel or counsel in that proceeding was ineffective. *Martinez*, 132 S. Ct. at 1320. A year later, the Supreme Court expanded the *Martinez* exception to cases where a "state['s] procedural framework, by reason of its design and operation, makes it highly unlikely in a typical case that a defendant will have a meaningful opportunity to raise a claim of ineffective assistance of counsel on direct appeal . . . ." *Trevino*, 133 S. Ct. at 1921. The Sixth Circuit subsequently ruled this exception applicable to Tennessee. *See Sutton v. Carpenter*, 745 F.3d 787, 795–96 (6th Cir. 2014).

However, this Court has already held that "*Martinez* and *Trevino* do not afford [P]etitioner any relief," when it denied Petitioner's earlier Rule 60(b) motion [Doc. 71 at 7]. The Court held that "because [P]etitioner was successful in having his appointed counsel withdraw and availed himself of his right to represent himself during those initial post-conviction proceedings, *Martinez* and *Trevino* do not provide petitioner refuge from his own procedural default of claims of ineffective assistance of trial counsel" [*Id.* at 6]. Therefore, Petitioner's arguments that *Martinez*, *Trevino*, and *Sutton* constitute a change in decisional law fail to constitute "extraordinary circumstances" which entitle him to relief under Rule 60(b)(6). *See Stokes v. Williams,* 475 F.3d 732, 735 (6th Cir. 2007).

C. **Failure to Rule**

7

In his motion for reconsideration, Petitioner also claims that the Court never ruled "upon the fact that the State trial court misled the [P]etitioner, or that [Petitioner's] right to meaningful access to state post-conviction courts was violated by the state trial court" [Doc. 81 at 5]. Further, Petitioner alleges that the Court failed to address "that once the [P]etitioner filed the Motion to Recuse Judge Brown, he could not rule upon the pending Motion until the Motion to Recuse was dealt with" [*Id.*].

Federal Rule of Civil Procedure 60(b)(1) provides that a court may provide relief from a final judgment due to "mistake, inadvertence, surprise, or excusable neglect." The Sixth Circuit has stated that "a Rule 60(b)(1) motion is intended to provide relief in only two situations: (1) when a party has made an excusable mistake or an attorney has acted without authority, or (2) when the judge has made a substantive mistake of law or fact in the final judgment or order." *United States v. Reyes*, 307 F.3d 451, 455 (6th Cir. 2002). An allegation that the Court failed to address claims raised in Petitioner's habeas petition falls under Rule 60(b)(1), as a mistake "in the final judgment or order." *Id.*; *see also Tyler v. Anderson*, No. 1:96 CV 1881, 2013 WL 3992590, at *5 (N.D. Ohio Aug. 5, 2013), *aff'd*, 749 F.3d 499 (6th Cir. 2014) (holding an "alleged failure to address two of [the petitioner's] claims is a 'mistake[ ] that constitute[s] inadvertent judicial oversight' falling squarely within a plain reading of Rule 60(b)(1)").

A motion for relief from judgment filed pursuant to Rule 60(b)(1) must be made "not more than one year after the judgment, order or proceeding was entered or taken." *Mitchell v. Rees*, 261 F. App'x 825, 830 (6th Cir. 2008) (quoting Rule 60(b)). This time limit is jurisdictional, and a district court does not have the power to extend the period of limitation for filing such a motion. *Id.* (internal citations omitted). Therefore, any motion for relief from Petitioner's judgment brought

8

pursuant to Rule 60(b)(1) is untimely, because Petitioner's Rule 60(b) motion was filed more than nine years after this Court dismissed his habeas petition on February 12, 2008.

However, even if Petitioner's arguments that the Court failed to address two of his claims are viewed under Rule 60(b)(6), Petitioner still fails to demonstrate the existence of "extraordinary circumstances" which entitle him to relief. *See Stokes v. Williams,* 475 F.3d 732, 735 (6th Cir. 2007). The Court has already addressed Petitioner's arguments related to his state post-conviction proceedings, and found that:

> None of these arguments supply cause. Petitioner has no constitutional entitlement to post-conviction proceedings. *Pennsylvania v. Finley*, 481 U.S. 551, 556–57 ("States have no obligation to provide [post-conviction] relief."). Therefore, an alleged error committed during state collateral proceedings is not cognizable in federal habeas corpus proceedings. *Cress v. Palmer*, 484 F.3d 844, 853 (6th Cir. 2007) ("[T]he Sixth Circuit has consistently held that errors in postconviction proceedings are outside the scope of federal habeas corpus review.") (*citing, inter alia, Kirby v. Dutton*, 794 F.2d 245, 247 (6th Cir. 1986)).

[Doc. 57 at 12]. Lastly, Petitioner also attempts to use his Rule 60 Motion to reargue his claims related to the ineffective assistance of counsel. Rule 60(b)(6) is not to be used "as a substitute for an appeal, . . . or as a technique to avoid the consequences of decisions deliberately made yet later revealed to be unwise." *Hopper v. Euclid Manor Nursing Home, Inc.*, 867 F.2d 291, 294 (6th Cir. 1989). Ultimately, Petitioner's claims that the Court failed to address several of his arguments in his habeas petition do not entitle him to relief under Federal Rule of Civil Procedure 60.

### III. CONCLUSION

After reviewing the pleadings, the applicable law, and the habeas record in this case, the Court is not persuaded that Petitioner has shown the "exceptional circumstances" required for Rule 60(b)(6) relief. Therefore, Petitioner's motion requesting relief from judgment or order [Doc. 79] is **DENIED**.

**SO ORDERED.**

**ENTER:**

                                                                s/J. RONNIE GREER  
                                                       UNITED STATES DISTRICT JUDGE